UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
HELENE SIRINAKIS, an infant by her natural mother
and legal guardian, ANDREA J. SMITH and ANDREA
J. SMITH, individually,

                          Plaintiffs,

-against-

THE VILLAGE OF PORT CHESTER and POLICE
OFFICER T. MUNNELLY (ID # 110), Individually,

                          Defendants.
----------------------------------------------------------------x

**AMENDED ANSWER**

Docket No.
08 Civ. 3033 (SCR)

Defendants, by their attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, as and for their answer to plaintiffs' complaint in the above-captioned action, set forth as follows:

1. Deny the allegations contained in ¶ "1" of the complaint, and refer all questions of law to the Court for adjudication.

2. Deny the allegations contained in ¶ "2" of the complaint, and refer all questions of law to the Court for adjudication.

3. Deny the allegations contained in ¶ "3" of the complaint, and refer all questions of law to the Court for adjudication.

4. Deny the allegations contained in ¶ "4" of the complaint, and refer all questions of law to the Court for adjudication.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ "5" of the complaint.

6. Admit the allegations contained in ¶ "6" of the complaint.

7. Deny the allegations contained in ¶ "7" of the complaint, and refer all questions of law to the Court for adjudication.

8. Admit the allegations contained in ¶ "8" of the complaint.

9. Deny the allegations contained in ¶ "9" of the complaint, and refer all questions of law to the Court for adjudication.

10. Admit the allegations contained in ¶ "10" of the complaint.

11. Deny the allegations contained in ¶ "11" of the complaint.

12. Deny the allegations contained in ¶ "12" of the complaint, and refer all questions of law to the Court for adjudication.

13. Deny the allegations contained in ¶ "13" of the complaint, and refer all questions of law to the Court for adjudication.

14. Deny the allegations contained in ¶ "14" of the complaint.

15. Deny the allegations contained in ¶ "15" of the complaint.

16. Deny the allegations contained in ¶ "16" of the complaint.

17. Deny the allegations contained in ¶ "17" of the complaint.

18. Deny the allegations contained in ¶ "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ "19" of the complaint.

20. Deny the allegations contained in ¶ "20" of the complaint.

21. Deny the allegations contained in ¶ "21" of the complaint.

22. Deny the allegations contained in ¶ "22" of the complaint.

23. Deny the allegations contained in ¶ "23" of the complaint.

24. Deny the allegations contained in ¶ "24" of the complaint.

## FIRST CAUSE OF ACTION

25. As and for a response to the allegations contained in ¶ "25" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "24" of the complaint, as though they were fully set forth herein.

26. Deny the allegations contained in ¶ "26" of the complaint, and refer all questions of law to the Court for adjudication.

27. Deny the allegations contained in ¶ "27" of the complaint, and refer all questions of law to the Court for adjudication.

28. Deny the allegations contained in ¶ "28" of the complaint, and refer all questions of law to the Court for adjudication.

29. Deny the allegations contained in ¶ "29" of the complaint.

## SECOND CAUSE OF ACTION

30. As and for a response to the allegations contained in ¶ "30" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "29" of the complaint, as though they were fully set forth herein.

31. Deny the allegations contained in ¶ "31" of the complaint, and refer all questions of law to the Court for adjudication.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ "32" of the complaint.

33. Deny the allegations contained in ¶ "33" of the complaint, and refer all questions of law to the Court for adjudication.

34. Deny the allegations contained in ¶ "34" of the complaint.

## THIRD CAUSE OF ACTION

35. As and for a response to the allegations contained in ¶ "35" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "34" of the complaint, as though they were fully set forth herein.

36. Deny the allegations contained in ¶ "36" of the complaint, and refer all questions of law to the Court for adjudication.

37. Deny the allegations contained in ¶ "37" of the complaint, and refer all questions of law to the Court for adjudication.

38. Deny the allegations contained in ¶ "38" of the complaint, and refer all questions of law to the Court for adjudication.

39. Deny the allegations contained in ¶ "39" of the complaint, and refer all questions of law to the Court for adjudication.

40. Deny the allegations contained in ¶ "40" of the complaint, and refer all questions of law to the Court for adjudication.

41. Deny the allegations contained in ¶ "41" of the complaint.

## FOURTH CAUSE OF ACTION

42. As and for a response to the allegations contained in ¶ "42" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "41" of the complaint, as though they were fully set forth herein.

43. Deny the allegations contained in ¶ "43" of the complaint, and refer all questions of law to the Court for adjudication.

## FIRST AFFIRMATIVE DEFENSE

44. Plaintiffs' complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

45. The claims against defendant MUNNELLY are barred by the doctrine of absolute immunity.

## THIRD AFFIRMATIVE DEFENSE

46. Plaintiffs cannot demonstrate that they were deprived of rights pursuant to a policy, practice, custom, or procedure of the VILLAGE OF PORT CHESTER.

## FOURTH AFFIRMATIVE DEFENSE

47. Defendant MUNNELLY had probable cause to take the action he did with regards to plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

48. Plaintiffs' claim pursuant to 42 U.S.C. § 1985 is barred by the intra-corporate conspiracy doctrine.

## SIXTH AFFIRMATIVE DEFENSE

49. The claims against defendant MUNNELLY are barred by the doctrine of qualified immunity.

Dated: Mineola, New York
May 13, 2008

MIRANDA SOKOLOFF SAMBURSKY
SLONE VERVENIOTIS, LLP
Attorneys for Defendants

By: _____
BRIAN S. SOKOLOFF (BSS-7147)
240 Mineola Boulevard
The Esposito Building
Mineola, New York 11501
(516) 741-7676
Our File No. 07-227

5

TO:     ANDREA J. SMITH, Plaintiff, *pro se*
         c/o Goldberg Segalla
         170 Hamilton Avenue, Suite 203
         White Plains, New York 10601